## ADDISON *v.* EDWARDS.

LUMPKIN, J. 1. The plaintiff and the defendant each owned a land lot i Haralson county, one adjoining the other. The dividing line was in controversy. The plaintiff sued the defendant for a strip of land which was in the possession of the latter. The land lots were intended to contain forty acres each. It appeared that within the boundaries surrounding the two lots there were several acres more than eighty. After instructing the jury as to finding a disputed line by agreement, acquiescence, marked trees, etc., the judge charged: "Now that is the rule in case you find that an acquiesced line, one that has been by acts and declarations treated by both sides as the dividing line; if that does not settle the case and it comes to the question of being settled as to where the original land line is or should be, then you will determine first as to natural landmarks, and if no natural landmarks, then ancient marks, such as corner, station, or marked trees, and if you have not those in evidence, it is not disclosed there are any stations or marked trees to enable you to determine where the true line is, then you would resort to courses and distances, and the land would be divided between them, showing an equal portion on each side." *Held,* that the last part of this charge was harmful error. The burden was on the plaintiff to establish that he was entitled to recover the land for which he sued, or some definite part of it. In the absence of higher proof, courses and distances are resorted to (Civil Code, § 3820). But a resort thereto did not require the jury, as a matter of law, to divide the aggregate amount of land contained in the two lots so as to give one equal portion to each side, regardless of any agreement or acquiescence of the parties. One lot may have contained an excess over the normal amount, and not the other.
2. None of the other grounds of the motion for a new trial require a reversal.                    *Judgment reversed. All the Justices concur.*
AUGUST 19, 1912.

Complaint for land. Before Judge Edwards. Haralson superior court. June 20, 1911.

*Robinson & Edwards* and *G. H. Hutchens,* for plaintiff in error.
*Griffith & Matthews,* contra.